UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FELIPE TENIENTE, personally And as parent of ACQUILES ALVAREZ, a minor,<br><br>*PLAINTIFFS*,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>*DEFENDANT.* | CASE NO:_____ |

Plaintiff Felipe Teniente, personally and as parent of Acquiles Alvarez, a minor, by and through his undersigned counsel, Shaun Cade of Cade Law, PC, and for causes of action against Defendant United States of America, hereby complains and alleges as follows:

**JURISDICTION AND VENUE**

1.

This action is brought pursuant to the Federal Tort Claims Act (FTCA 28 U.S.C. § 1346(b), 28 U.S.C. § 1402(b), 2671 et seq.) against the United States of America, which has exclusive subject matter jurisdiction of federal tort claims litigation in the federal district court.

2.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. Section United 1402(b) because the States is the Defendant and Plaintiff resides in the State of Georgia.

3.

Plaintiff timely presented an administrative tort claim to the United States Postal Service, U.S.C. § 2671 et pursuant to 28 seq., claim numbers NT202420753 & , NT202420755 on or about September 11, 2023.

4.

As of today, August 26, 2024, the United States Postal Service has made no offer of settlement and issued no denial of the claim.

**STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA**

5.

This case is brought against the United States pursuant to 28 U.S.C. § 2671 et seq., commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), 2671 et seq. because personal injuries and resulting damages that form the basis of this complaint were proximately caused by the negligence, wrongful acts, and/or omissions of an employee of the United States through its agency, the United States National Park Service, Department of the Interior. The employee was acting within the course and

scope of his office or employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Georgia.

## NATURE OF THE ACTION

6.

On or about September 25, 2023, at approximately 11:14 A.M., Plaintiff was driving his 2022 Dodge Ram truck and his minor child, Acquiles Alvarez, was a belted passenger in Plaintiff's vehicle. Plaintiff was stopped on Cobb Parkway at its intersection with Acworth Summit Boulevard waiting to make a righthand turn.

7.

Based on information and belief, Bo Lu, a USPS Delivery person, was operating a Mail Truck registered to the United States Postal Service. Bo Lu was travelling directly behind Plaintiff.

8.

Bo Lu was following too closely and travelling too quickly and struck Plaintiff's vehicle.

9.

The Defendant's vehicle slammed into the rear of the Plaintiff's vehicle.

10.

Based on information and belief, Plaintiff alleges the Defendant's vehicle sustained moderate vehicle damage to the front of the vehicle and the Plaintiff's vehicle sustained major damage to the rear of the vehicle.

11.

Based on information and belief, Plaintiff alleges at all times relevant here, Bo Lu was acting within the course and scope of her employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Georgia.

12.

Based on information and belief, Defendant United States gave Bo Lu permission, express or implied, to operate the subject vehicle.

13.

Based on information and belief, Defendant United States negligently entrusted, authorized and/or ratified the operation of the motor vehicle to Bo Lu so as to proximately cause the collision involving Plaintiff. Operation of vehicles on public roads is a matter of public safety.

## FIRST CAUSE OF ACTION—NEGLIGENCE

14.

Plaintiff incorporates all of the paragraphs above as though fully stated here.

15.

Defendant United States is responsible for the actions of its employees pursuant to statutes, including, but not limited to 28 U.S.C. § 1402(b); 2671 et seq.; and 28 U.S.C. Section 2679(b)(1); 1346(b).

16.

As an employee of Defendant United States, Bo Lu breached her duty by failing to use due care, in violation of the traffic laws of the State of Georgia, including but not limited to, O.C.G.A.§ 40-6-49, following too closely.

17.

O.C.G.A.§ 40-6-49(a) reads as follows: " The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

18.

The sole and proximate cause of the aforesaid collision was due to Defendant United States.

19.

As a direct and proximate result of the negligence of Defendant United States, Plaintiffs incurred personal injuries that caused Plaintiffs to suffer great emotional distress, anxiety, and grief and great pain of body and mind, all or some of which conditions may be permanent and disabling, all to Plaintiff's general damages in an amount not to exceed $50,000.00 for Plaintiff Felipe Teniente and $8,662.00 for Acquiles Alverez, for which Plaintiff Felipe Teniente is responsible.

20.

As a direct and proximate result of the negligence of Defendant United States, Plaintiff incurred medical expenses from various health care providers and shall continue to incur these expenses in the future, all in an amount presently unascertained; that in this regard, Plaintiff prays for leave of this court to insert all of these damages when the same have been fully ascertained, not to exceed an amount in excess of $50,000.00 for Plaintiff Felipe Teniente and $8,662.00 for Acquiles Alverez, for which Plaintiff Felipe Teniente is responsible.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiff requests relief and judgment against Defendant United States as follows:

1. For general damages in an amount not to exceed an amount in excess of $50,000.00;

2. For special damages in an amount to be proven at the time of trial, not to exceed $8,662.00; and

4. Such further relief as the Court finds just and equitable.

This 26th day of August 2024.

                                            Respectfully Submitted,

                                            *s/Shaun Cade*
                                            Shaun Cade
                                            Georgia Bar 101209
                                            Cade Law, PC
                                            400 Galleria Parkway, Suite 1500
                                            Atlanta, Georgia 30339
                                            601-447-0384
                                            Shaun@cade.law
                                            Attorney for Plaintiff